FILED

NOV 12 2019

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carolyn E. O'Connor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-3078 (UNA) |
| ) | |
| ) | |
| Cigna-Healthspring Corp. *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). In addition, to satisfy the amount-in-controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). A court may reject the sum claimed, however, if it finds "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See*

1

Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff resides in Washington, D.C. She has sued an insurance company and "John Does 1 through 10" for "personal injury and monetary loss, due to the wrongful and punitive handling of her claim . . . for medical expense reimbursement." Am. Compl. at 1 [Dkt. # 3]. The complaint does not present a federal question, and it is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff has pled no facts from which the Court can ascertain her citizenship and that of each defendant. Furthermore, plaintiff seeks compensatory damages "in excess of Sixty Million One Hundred and Eight Dollars" to cover "residual costs or cost of the Lap Corp. billing" and "Forty Million Dollars" for "punitive damages" resulting from "the handling of [her] simple and minuscule claim." Am. Compl. at 5-6. The Court can state with "legal certainty" that plaintiff's claims are for far less amounts and thus are not made in good faith. A separate order of dismissal accompanies this Memorandum Opinion.

Date: November 8, 2019

United States District Judge